IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania Corporation,<br><br>       Plaintiff,<br><br>   v.<br><br>AEROHAWK AVIATION, INC., an Idaho Corporation; MARK ULSCHMID, an Individual; JAMES D. JORGENSEN, an Individual; JASEN JORGENSEN; JODY NELSON and MARY WHITE, as Personal Representatives of the ESTATE OF JAMES D. JORGENSEN; SCOTT D. ADAMS, an Individual; R. CHESTER ADAMS; PHYLLIS M. ADAMS and LISA LOUGHMILLER as Personal Representatives of the ESTATE OF SCOTT D. ADAMS; NSI, INC., an Idaho Corporation f/k/a NSI Network Solutions, Inc.; RECREATIONAL SPORTS AND IMPORTS, INC., an Idaho Corporation; CORPORATE AIRCRAFT, INC., a California Corporation; AEROSPACE CONTROL PRODUCTS, INC., an Iowa Corporation; McCAULEY PROPELLER SYSTEMS, a Division of The Cessna Aircraft Company, Kansas Corporation; CESSNA AIRCRAFT COMPANY, a Kansas Corporation; PRATT & WHITNEY CANADA, a Canadian Corporation and a Division of United | Case No. CV-02-520-E-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

**Memorandum Decision and Order – Page 1**

| | |
|---|---|
| Technologies Corporation, a Delaware Corporation; PRATT & WHITNEY, a Division of United Technologies Corporation, a Delaware Corporation; WOODWARD GOVERNOR COMPANY, a Delaware Corporation; and INTERNATIONAL GOVERNOR SERVICES, INC., a Colorado Corporation, | ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |
| _____ | ) |

## INTRODUCTION

The Court has before it NSI's motion for summary judgment, National's Rule 56(f) motion, and ACP's motion to dismiss. The Court heard oral argument on June 6, 2005, and ruled from the bench, granting the motion to dismiss and taking under advisement the motion for summary judgment and Rule 56(f) motion. For the reasons expressed below, the Court will grant the Rule 56(f) motion and deny the summary judgment motions without prejudice to NSI's right to re-file the motions at the conclusion of the discovery. The Court will also explain in more detail its ruling on the motion to dismiss.

## ANALYSIS

**1.   Motion to Dismiss**

ACP argues that the Ninth Circuit resolved the long-standing stream-of-commerce debate in *Schwarzenegger v. Fred Martin Motor Co.,* 374 F.3d 797 (9th

**Memorandum Decision and Order – Page 2**

Case 4:02-cv-00520-BLW-MHW   Document 306   Filed 06/24/05   Page 3 of 6

Cir. 2004). The Court disagrees for three reasons.

First, *Schwarzenegger* was an intentional tort case, not a stream-of-commerce case. The standards it sets are designed to fit intentional tort cases, and it contains no language expressing an intent to apply those standards expansively to other types of torts.

Second, that case never discusses the central stream-of-commerce case, *Asahi v. Superior Court*, 480 U.S. 102 (1987). It is hard to imagine that the Ninth Circuit intended to address and resolve the debate that raged in *Asahi* without even mentioning that case.

Third, in citing *World-Wide Volkswagen* with approval, *Schwarzenegger* described the holding in that case in a way that reaffirms this Court's prior decision exercising personal jurisdiction over ACP: "[A] forum state does not exceed its powers under the Due Process Clause if it asserts personal jurisdiction over a corporation that delivers its products into the stream of commerce with the expectation that they will be purchased by consumers in the forum State." *Schwarzenegger*, 374 F.3d at 803.

A company like Cessna, with a well-known and long-standing national presence, sells more products, and hence buys more parts, than it would if it were a purely local business. ACP reaps the financial benefits from Cessna's national

**Memorandum Decision and Order – Page 3**

presence, but seeks to evade the responsibilities that accompany that national presence. Nothing in *Schwarzenegger* compels such a result, and the Due Process Clause does not condone such inconsistency. Indeed, fundamental fairness – the essence of due process – would mandate a linkage of benefits and responsibilities. For all these reasons, the motion to dismiss will be denied.

**2.**     **Motion For Summary Judgment**

Not until after the briefing on the motion for summary judgment was completed did National finally get discovery showing that pilots Adams and Jorgensen were included on an insurance policy covering a Cessna 425. While National had made a timely request for this information, it appears that through a series of unfortunate events, NSI did not produce the necessary documents. National's counsel was careful not to place blame on NSI's counsel, but did explain persuasively that National had been prejudiced by the late production of these documents.

This means that the Court has not had the benefit of any briefing concerning these documents. While counsel touched on them at oral argument, their full import has not been discussed in detail.

Given counsels' representations concerning the documents, it appears that the present motion for summary judgment needs to be substantially revised to

**Memorandum Decision and Order – Page 4**

include a discussion of these documents. For example, NSI's reply brief makes representations that are apparently contradicted by the documents.

These circumstances require (1) additional time for National to study the documents and their implications for this case, and (2) a substantial revision of the motion for summary judgment. For these reasons, the Court will deny the motions for summary judgment, and grant National's Rule 56(f) motion to allow an additional sixty days for discovery. The denial of the summary judgment motion is without prejudice to NSI's right to re-file the motion after the sixty-day discovery period has run.

NSI had objections to the Declaration of Erik Rigler, National's expert. Because the Court is ordering that NSI re-file its motion for summary judgment, National must also re-file its opposition papers, including the Rigler Declaration, to address the new discovery. For that reason, the Court will deem moot NSI's motion to strike since the Court is not considering the Rigler Declaration at this time, and because it will have to be re-filed to address the new insurance issues.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to dismiss (Docket No. 258) is DENIED.

**Memorandum Decision and Order – Page 5**

IT IS FURTHER ORDERED, that the Rule 56(f) affidavit, construed as a motion under Rule 56(f), (Docket No. 256) is GRANTED, and National is granted sixty (60) days from the date of this decision to conduct further discovery on the insurance documents and related issues.

IT IS FURTHER ORDERED, that the motion for summary judgment (Docket No. 180) is DENIED, without prejudice to the right of NSI to re-file the motion after the sixty-day discovery period has expired.

IT IS FURTHER ORDERED, that the motion to strike (Docket No. 262) is DEEMED MOOT.

DATED:  **June 23, 2005**

B. LYNN WINMILL
Chief Judge
United States District Court

**Memorandum Decision and Order – Page 6**