IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, <br><br> Plaintiffs, <br><br> v. <br><br> AEROHAWK AVIATION, INC., et al., <br><br> Defendants. | Case No. CV-02-520-E-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court must resolve a motion to modify scheduling order and then set a trial date. This case was originally filed in 2002, and the Court granted summary judgment for NSI. After the Circuit reversed that decision, the case was remanded here for further proceedings.

### 1.    Motion to Modify Scheduling Order

The Court has before it NSI's motion to modify the scheduling order. NSI seeks additional time to conduct discovery and submit expert witness reports. The motion was filed just two days before the discovery completion date and some three years after the case had been filed. By way of explanation, NSI filed this motion in 2005, just before filing a motion for summary judgment. NSI's motion

for summary judgment was granted, and hence the present motion lay dormant and did not need to be resolved. After reversal by the Circuit, the case was remanded and the Court held a trial setting conference a week ago. At that conference, NSI renewed its motion, and requested a ruling on it before trial is set.

NSI claims that it was tendered the defense of this matter just days before the discovery deadline and thus needs additional time to become familiar with the case. It also argues that plaintiff National Union's settlement with other defendants significantly altered the legal landscape of the case and warrants additional time to prepare. Finally, NSI claims that National Union filed, in support of its response to NSI's summary judgment motion, expert declarations that went beyond the Rule 26 reports of those experts, justifying NSI's request for more time to seek new expert opinions in rebuttal.

Rule 16(b) requires NSI to show good cause to modify the scheduling order. This Rule "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations*, 975 F.2d 604, 609 (9th Cir. 1992). NSI cannot show the required diligence when it waits for three years to tender the defense to new counsel. That lack of diligence exposed NSI to looming deadlines and a changing legal landscape caused by settlements. With regard to the experts, NSI never filed a motion to strike those declarations in the summary judgment proceedings and so cannot now use that excuse to extend deadlines. For all these

reasons, the motion will be denied.

**2.     Trial Setting**

This matter is now ready for trial.  The Court understands that counsel may have some conflicts in March of 2008, but the Court cannot delay this matter until the May/June time-frame that counsel would prefer.  The case has now been pending for 5 years and cannot be further delayed.

Accordingly, the Court will set trial for March 10, 2008, in the Pocatello courthouse, and will set the pretrial conference as noted below.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to modify the scheduling order (docket no. 337) is DENIED.

IT IS FURTHER ORDERED, that trial in this case shall be set for **March 10, 2008,** at 1:30 p.m. in the Federal Courthouse in Pocatello, Idaho.

IT IS FURTHER ORDERED that a pretrial conference be held by telephone on **February 26, 2008, at 8:30 a.m.**  Counsel for plaintiff shall initiate the call and can reach the Court at Pocatello Chambers at (208) 478-4112.  If there is no

answer, call Susie Boring-Headlee at (208) 334-9373.



DATED:  **December 4, 2007**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge